E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
  UNITED STATES ATTORNEY'S OFFICE
  411 W. 4th Street
  Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3597
  Facsimile: (714) 338-3708
  E-mail:    rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

CLERK, U.S. FILED
JAN 12 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:23-MJ-0032-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| BRYAN STEVEN LEONE, | [18 U.S.C. §§ 3141, et seq.] |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

**REQUEST FOR DETENTION PENDING TRIAL**

☐ 1.  Temporary 10-day Detention Requested (18 U.S.C. § 3142(d)) on the following grounds:

    ☐  a.  present offense committed while defendant was on release pending (felony trial);

    ☐  b.  defendant is an alien not lawfully admitted for permanent residence; AND

☐ c. defendant may flee; OR
☐ d. pose a danger to another or the community.
☒ 2. Pretrial Detention Requested (18 U.S.C. § 3142(e)) because no condition or combination of conditions will reasonably assure:
  ☒ a. the appearance of the defendant as required;
  ☒ b. safety of any other person and the community.
☒ 3. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):
  ☒ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
  ☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);
  ☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);
  ☐ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed

while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒ 4. Government Is Entitled to Detention Hearing Under § 3142(f) Because the Case Involves:

☐ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☐ b. an offense for which maximum sentence is life imprisonment or death;

☒ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐ d. any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

☐ e. any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☐ f. serious risk defendant will flee;

|   |   |   |   |
|---|---|---|---|
| | ☐ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 5. | | Government requests continuance of ___ days for detention hearing under § 3142(f) based on the following ground(s): |

_____

_____

| | | | |
|---|---|---|---|
| ☐ | 6. | | Good cause for continuance in excess of three days exists because: |

_____

_____

| | | | |
|---|---|---|---|
| ☐ | 7. | | Requesting Detention & Revocation of Pre-Trial Release pursuant to 18 U.S.C. § 3148 because: |
| | ☐ | a. | there is probable cause to believe that defendant has committed a Federal, State, or local crime while on release; OR |
| | ☐ | b. | there is clear and convincing evidence that defendant has violated any other condition of release; |

**AND**

| | | | |
|---|---|---|---|
| | ☐ | a. | no condition or combination of conditions will assure that defendant will not flee or pose a danger to the safety or any other person or the community; OR |
| | ☐ | b. | the person is unlikely to abide by any condition or combination of conditions of release. |

4

**REQUEST FOR DETENTION RE. VIOLATION OF PROBATION/SUPERVISED RELEASE**

☐ 8. Detention Requested Pending Supervised Release/Probation Revocation Hearing (see Fed. R. Crim. P. 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)(1)) because:

☐ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; AND/OR

☐ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

DATED: January 12, 2023.          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

/s/ *Robert J. Keenan*
ROBERT J. KEENAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA